

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Johnson v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2528

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Johnson v. Williamson" (2006). *2006 Decisions*. Paper 190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-17                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2528
_____

DANNY LEE JOHNSON,

Appellant

v.

TROY WILLIAMSON, Warden,
Allenwood Federal Penitentiary;
THE FEDERAL BUREAU OF PRISONS

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01323)
District Judge: Honorable William J. Nealon

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
and for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 13, 2006

Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed : November 16, 2006)

_____

OPINION

_____

PER CURIAM

    Appellant Danny Lee Johnson, a prisoner incarcerated at the United States Prison-

Allenwood at White Deer, Pennsylvania, appeals the order of the United States District Court for the Middle District of Pennsylvania denying his motion to reconsider its order transferring venue and to reopen the proceedings regarding his habeas petition filed under 28 U.S.C. § 2241. We will affirm.

Johnson pleaded guilty and was convicted in the Superior Court for the District of Columbia of burglary, robbery, kidnaping, and related crimes. The District of Columbia Court of Appeals affirmed in 1997. Johnson then unsuccessfully pursued several forms of post-conviction relief, including habeas relief under D.C. Code § 23-110. In July 2005, Johnson filed the section 2241 habeas petition at issue in this matter, asserting that his several unsuccessful attempts to challenge his conviction in the District of Columbia courts demonstrates that the section 23-110 remedy is inadequate and ineffective to test the legality of his detention. On August 23, 2005, the District Court transferred venue of the section 2241 petition to the United States District Court for the District of Columbia. Johnson filed several motions to reconsider and to reinstate the action, arguing his claims that his conviction was unconstitutionally obtained. The District Court denied the motions on January 9, 2006, noting that Johnson did not raise any arguments that call the District Court's transfer order into doubt.

On March 31, 2006, Johnson filed yet another motion to reconsider and to reopen the proceedings, again challenging the validity of his District of Columbia conviction, and again arguing that the remedy of D.C. Code § 23-110 is inadequate and ineffective. In

2

addition, Johnson alleged that both the United States District Court for the District of Columbia and the United States Court of Appeals for the District of Columbia Circuit had recently denied him relief on his claims. On April 20, 2006, the District Court denied Johnson's motion, for the same reasons stated in the January 9, 2006 order. Johnson appeals and has filed a memorandum to this Court.[1]

Because this appeal presents "no substantial question," we will summarily affirm. 3d Cir. LAR 27.4 and I.O.P. 10.6. Johnson's March 31, 2006 motion did not present any argument that the transfer order was in error. Johnson sought to have the District Court reopen the proceedings in order to have substantive consideration given to his section 2241 petition. However, according to his own allegations, his petition already has been duly considered and ruled upon by the transferee court, the United States District Court for the District of Columbia, and the proceedings have ended. Thus, any question stemming from the propriety of the transfer order is now moot. We discern no error in the District Court's denial of Johnson's March 31, 2006 motion.

We will affirm the order of the District Court.

---

[1] The Court notified the parties that the appeal would be submitted for possible dismissal for lack of appellate jurisdiction and for possible summary action. To the extent that Johnson's March 31, 2006 motion sought relief under Rule 60(b) of the Federal Rules of Civil Procedure, we do not dismiss the appeal of the District Court's denial of that motion.

3